UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>                          Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>                          Defendant. | Case No.: 20-CV-265-CAB-KSC<br><br>**ORDER GRANTING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND SUA SPONTE DISMISSING COMPLAINT**<br><br>[Doc. No. 2] |

Plaintiff Ronald Satish Emrit is a serial *pro se* filer of frivolous complaints in federal court against government agencies and officials and large corporations and their executives. Most or all of these complaints have been dismissed for improper venue or failure to state a claim.[1] This is yet another of Mr. Emrit's frivolous lawsuits. Once again,

---

[1] "Plaintiff has a history of abusing the IFP privilege and Plaintiff has been acknowledged as a vexatious litigator in at least six district courts." *Emrit v. Universal Music Grp.*, No. 3:19-CV-05984-BHS, 2019 WL 6251365, at *2 (W.D. Wash. Nov. 4, 2019), report and recommendation adopted, No. C19-5984 BHS, 2019 WL 6251192 (W.D. Wash. Nov. 22, 2019). A PACER search reveals that Plaintiff has filed over 250 federal lawsuits since 2013, including 31 so far in 2020. These complaints have been filed in courts ranging from the District of Hawaii to the District of Nebraska to the District of Massachusetts. A Westlaw search of all federal courts for "Ronald Satish Emrit" yields scores of orders and opinions. A sampling of these orders indicates that most if not all of Mr. Emrit's cases were accompanied by

instead of paying the requisite filing fees, Plaintiff also filed an application to proceed in forma pauperis ("IFP").

## I. Motion to Proceed IFP

Plaintiff moves to proceed IFP under 28 U.S.C. § 1915. All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP under 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). All actions sought to be filed IFP under § 1915 must be accompanied by an affidavit, signed by the applicant under penalty of perjury, that includes a statement of all assets which shows inability to pay initial fees or give security. Civ LR 3.2.a. Here, Plaintiff's application demonstrates that Plaintiff lacks the financial resources to pay the filing fees and still afford the necessities of life. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015); *see also* 28 U.S.C. § 1915(a). Accordingly, the Court **GRANTS** Plaintiff's IFP motion.

## II. *Sua Sponte* Screening

Notwithstanding the foregoing, a complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to mandatory and *sua sponte* review and dismissal should the Court determine, *inter alia*, it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324

---

applications to proceed in forma pauperis and were dismissed for improper venue or for failure to state a claim upon screening under 28 U.S.C. § 1915(e)(2).

(1989)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

Here, in addition to being largely incomprehensible, the complaint is frivolous because it "merely repeats pending or previously litigated claims." *Dorsey v. Kreep*, No. 18-CV-02588-AJB-MSB, 2019 WL 6037420, at *3 (S.D. Cal. Nov. 14, 2019) (quoting *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995)). A review of the federal docket reveals that Plaintiff has filed similar or identical complaints against the Federal Bureau of Investigation in eight other federal district courts within the past week.[2] Indeed, the complaint filed in this case even states that "plaintiff is filing this cause of action in the U.S. District Courts of Southern Florida, Middle Florida, and Northern Florida. . . ." [Doc. No. 1 at ¶ 6.]. "Under the [first-to-file] rule, when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars–Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). Moreover, the other districts in which this case was filed include districts in Florida, where Plaintiff resides, and the District of Columbia, where at least some of the alleged wrongful acts in the complaint appear to have occurred. Meanwhile, none of the claims in the complaint arise out of events that occurred in this district. Thus, these other districts are almost certainly more appropriate venues for this action as well. In any event, because the other pending actions were filed before this one, the Court exercises its discretion to dismiss this lawsuit in the interest of efficiency and judicial economy.

### III. Disposition

For the foregoing reasons, it is hereby **ORDERED** as follows:

---

[2] *See* Case No. 1:2020cv00379 (D.D.C.); Case No. 6:2020cv00191 (M.D. Fl.); Case No. 1:2020cv00031 (N.D. Fl.); Case No. 1:2020cv20544 (S.D. Fl.); Case No. 1:2020cv00059 (D. Haw.); Case No. 1:2020cv01025 (N.D. Ill.); Case No. 3:2020cv30018 (D. Mass.); Case No. 1:2020cv00220 (D. Or.)

1. The motion to proceed IFP is **GRANTED**;
2. The complaint is **DISMISSED** without leave to amend;
3. The Court certifies that an IFP appeal from this order would be frivolous and therefore would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and
4. The Clerk of Court shall close this case.

It is **SO ORDERED**.

Dated: February 13, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge